(73 Misc. Rep. 59.)

### WILLIAMS v. BROWN et al.

(Supreme Court, Special Term, New York County. July, 1911.)

REFERENCE (§ 21*)—SUCCESSIVE REFERENCES.

Where, in an action to admeasure dower, the order of reference did not require the referee to ascertain whether such admeasurement could be made without material injury to the interests of the parties or to plaintiff's right of dower, and the referee reports without taking such proof, a new order of reference may be made, without amending the former order, and the report under the former order, as far as the facts are covered by it, may be confirmed.

[Ed. Note.—For other cases, see Reference, Cent. Dig. § 37; Dec. Dig. § 21.*]

Action by Marietta E. Williams against William Brown and others for the admeasurement of dower. Report of referee confirmed.

Herman Joseph, for plaintiff.
Fettretch & Seybel, for defendants Brown and others.

PAGE, J. This is an action for the admeasurement of dower. The plaintiff filed a consent to receive a gross sum in full satisfaction and discharge of her right of dower in the real property described in the complaint.

The guardian ad litem for an infant defendant served the usual general answer, which put in issue the allegations of the complaint. Thereupon a motion was made for the appointment of a referee, and an order was entered appointing Abraham Stern referee to hear and take proof of the several allegations of the complaint and to report, together with his findings of fact and conclusions of law, and, upon the coming in of the report of the said referee and the confirmation there-

of, that the plaintiff have an interlocutory judgment. The plaintiff proceeded, and, having proved the marriage, her age, the death of her husband, his seisin of the premises, and who her husband's heirs at law were, rested, and asked for a report by the referee as to these matters, and for findings of fact and conclusions of law that she was entitled to dower.

The defendants objected, and claimed that under the order of reference herein the referee should not report until all the additional facts necessary to entitle the plaintiff to an interlocutory judgment had been proved. The referee, however, has reported without taking such proof. The plaintiff moves for a confirmation of the report, and that the matter be referred back to Mr. Stern to take the further proof necessary before an interlocutory judgment can be entered. To this the defendants object, upon the ground that the order of reference is broad enough to have justified the referee in proceeding to take all the proof necessary to entitle the plaintiff to the interlocutory judgment, or, if it were not, the reference should have been suspended, and an application made to the court for an amendment of the order.

I am of opinion that it would have been entirely competent and the better practice for the court to have directed the referee in the original order of reference to ascertain whether an actual admeasurement of dower could be made without material injury to the interests of the parties, or, if not, his reason therefor, and also to ascertain the value of the plaintiff's right of dower in the premises described in the complaint, to the end that an interlocutory judgment could have been entered upon the confirmation of his report. But, as these provisions were not contained in the order, the referee had no power to examine into these matters and make findings thereon. O'Dougherty v. Remington Paper Co., 42 Hun, 192. The power of the court was not exhausted by the making of the former order of reference, nor is its power limited by the provisions in the order that, on the confirmation of the referee's report, an interlocutory judgment may be granted. On the coming in of the report the entire matter is before the court for appropriate action. If additional facts must be established before an interlocutory judgment could be entered, the justice to whom the application is made could proceed to take proof thereof, or could send the matter to a referee to take the additional proof and report, postponing the entry of the interlocutory judgment until all the necessary facts are ascertained to entitle the plaintiff to that relief. It is not necessary that the original order should be amended, or that the matter be referred to the justice who made the original order.

The motion will therefore be granted, the report of the referee confirmed, and an order referring the additional matters as indicated in this opinion to Abraham Stern, to take the proofs thereof and report, with findings of fact and conclusions of law.

Ordered accordingly.